## Badger, Appellant, *v.* Aeolian Council No. 17.

*Beneficial associations—Members—Expulsion of members—Trial.*

Where a member of a subordinate council of a beneficial association is charged with violating the constitution and by-laws of the association, and disloyalty to it, and is summoned for trial before the tribunal established by the laws of the association, and he appears and makes defense and is adjudged guilty, and the subordinate council is directed to expel him, and this order is ultimately obeyed without the member having taken any appeal, or asking for a retrial, such member has no standing to maintain a mandamus suit in a civil court to secure his reinstatement. In such a case it is immaterial that the subordinate council at first refused to obey the order directed to it, and separated itself from the general association, if it appears that the subordinate council subsequently secured its reinstatement with the name of the expelled member dropped from its roll of membership.

Argued Nov. 13, 1908. Appeal, No. 110, Oct. T., 1908, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1905, No. 3,688, refusing writ of mandamus in case of Evan G. Badger *v.* Aeolian Council No. 17 Junior Order of United American Mechanics et al. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Affirmed.

Petition for mandamus.

By agreement the case was tried by the court without a jury under a provision of the Act of May 22, 1874, P. L. 109.

The facts are stated in the opinion of the Superior Court.

The trial judge, McMichael P. J., refused mandamus, entering the following order:

The court having carefully considered the proofs submitted on behalf of the plaintiff and defendants, and the pleadings and the findings of fact, is of opinion that the petitioner, Evan G. Badger, failed to establish his right to a mandamus against Aeolian Council No. 17, Junior Order of United American Mechanics, and the other defendants, and the mandamus is therefore refused.

On exceptions to the order the court entered final judgment as follows:

And now, after hearing, the judges who heard this case being divided in opinion, the exceptions are dismissed and the mandamus is refused, Ferguson, J., dissenting; Von Moschzisker, J., being a member of the J. O. U. A. M., not sitting at the argument nor participating in the judgment.

*Error assigned* amongst others was the final judgment of the court.

*Frank M. Cody*, for appellant.

*W. U. Hensel*, with him *A. M. DeHaven*, for appellee.

Opinion by Orlady, J., May 10, 1909:

The plaintiff filed a petition for a writ of alternative mandamus to effect his restoration to membership in the defendant body, and after having been heard by the court without a jury, the writ was refused. When the plaintiff was received as a member of the defendant association in May, 1886, it was an unincorporated fraternal and beneficial branch, located in the city of Philadelphia, of the National Council of the Junior Order of the United American Mechanics. This association was divided into a national council, state councils and subordinate bodies, united into a general association by rules, regulations and a code of laws, with defined authority, governing the duties and liabilities of members, and the authority of the several branches into which it is divided. The supreme

power of government was lodged in three departments, the legislative, executive and judicial, which exercised their respective functions so as not to encroach upon, or interfere with those of either of the others, except as expressly permitted or directed by the constitution.

The national judiciary was the recognized authority and court of last resort within the order, and before that tribunal, regularly convened, specific charges were preferred against the plaintiff and others, and after due notice and full examination and hearing, at which the plaintiff was present and made defense, he was, in December, 1900, adjudged guilty of neglecting and refusing to obey the laws of the order, and of endeavoring to disrupt it by incendiary addresses and remarks in meetings of the subordinate councils at different places, and publications in newspapers, periodicals and circulars, tending to bring the national council into disrepute. Under the authority specially delegated to the national judiciary, it was decreed that he should be expelled from the order. Subsequent to this decree the plaintiff never requested a new trial or a rehearing, nor did he appeal from the decree of the national judiciary, so that it continued in full force and effect against him from its date. It appears that the national council did not claim the authority to expel directly a member from his subordinate council; but to put into effect the decree, it ordered and directed Aeolian Council, of which he was a member, to adopt the resolution, formally expelling him from membership. For some reason, the subordinate council refused to act in accordance with the decree of the national judiciary's decree, and it became in a state of insubordination to the national council, and severed its relation therefrom. After the subordinate council had been adjudged guilty of certain violations of definite rules of the order it was suspended from all rights and privileges following to it by reason of its relation to the superior body. Subsequently the Aeolian Council was reinstated in the organization, and is now in fraternal affiliation with the parent body. In the restoration of the subordinate council to the national council the plaintiff was not a party to, nor did he assent to any of the proceedings, under

which the subordinate council applied for readmission to the Junior Order of American Mechanics, and the plaintiff contends that his expulsion from membership in the Aeolian Council was without trial or warrant of law, and therefore illegal and void, and that by reason of certain property interests which he alleges he has in the subordinate council he should be reinstated.

It is not necessary to trace the proceedings through all their details, the important facts have been found against the plaintiff's contention, and the record shows that instead of yielding allegiance to the national organization, he was not only insubordinate to its decree, but he assumed and continued in an attitude of defiant opposition to the association, with the decree of the national council standing unappealed from. His relation to the national and subordinate councils was dissolved in accordance with the law as laid down by the body for its own government, which determined the relation of a member to the subordinate and superior bodies. He persisted in his insubordination continuously, and he had no property right in the subordinate council or its funds that was not fully and properly determined by the national council. The fact that the defendant council was for a time suspended from the national or state councils, on account of its insubordination, and that its members acquired new rights and privileges by continuing an independent existence is fully answered by the attitude of the defendant council in again becoming identified with the national organization in accordance with the rules governing the major and all the minor branches of the organization, so as to effect a uniform relation of the members. What occurred during the time the defendant council was non-affiliated with the parent body is not material, and when the charter was restored to those enumerated, the name of the plaintiff was excluded on account of the decree of the national judiciary which expelled him, and the defendant council was restored only after his name was dropped from its roll of membership. As was said by the trial judge of the court below: "This plaintiff cannot with justice complain, I think, of his failure to be tried by his own council (while it was in a state of insubordination) because his case had already been adjudicated by the highest courts of

adjudicature of the general order, and the very life of the subordinate council depended on its obedience to the decree of the national judiciary." It was penalized by not being in affiliation with the general order for several years, and after having dropped the name of the plaintiff from its rolls, recognized its allegiance to the general order by being restored to good standing. The prayer of the petitioner was to restore him to membership in the Aeolian Council No. 17, Junior Order of American Mechanics, and to the enjoyment of the rights, benefits, privileges and immunities belonging and appertaining to such membership. Aside from the question of the policy of the courts, it would be futile for the civil courts to decree that a member should be restored to membership in an association, which had already decreed to expel him for cause. The national judiciary of the order had jurisdiction over the person and the subject-matter; the proceedings were regular, and he cannot now force himself upon an organization under the facts as he presents them. The right of the defendant, and the reason for refusing the relief prayed, is fully set out in the case of Derry Council v. State Council, 197 Pa. 413, and Crow v. Capital City Council, 26 Pa. Superior Ct. 411.

When this appellant became a member of the order, he was bound in duty as well as in honor, to give allegiance to its constitution and by-laws. His trial and conviction was by a tribunal of his own choice, and having been lawfully conducted, concludes him. Organizations of this character cannot serve the purpose of their creation unless there is a strict disciplinary authority in the department having ultimate power to hear and decide all controversies between members of grand or subordinate bodies. The decision of such a court of last resort must be accepted and obeyed as representing what is best for the organization in interpreting the rules and regulations prescribed by their laws, and the civil courts will always incline to sustain them; and mere informality in the proceedings for removal will not justify interference by mandamus when it is evident that there are just grounds for expulsion, or that the accused has been acting in hostility to the organization. To encourage such insubordination by compelling the members

and subordinate bodies to continue to receive among their active membership those who plot and scheme to disrupt the whole system as this plaintiff has been convicted of doing, would not only destroy its usefulness, but would be destructive of the whole system, and when such an organization forms its own rules and regulations which are accepted as of binding authority between members, we will not interfere with the administration of its affairs, when they have as literally followed their own rules as has been done in this case.

The judgment is affirmed.